## HUGHES et al. v. MISSOURI PAC. R. CO.* No. 4650.

Court of Appeal of Louisiana. Second Circuit.

March 29, 1934.

G. P. Bullis, of Vidalia, and L. A. Whittington, of Natchez, Miss., for appellants.

Hudson, Potts & Bernstein, of Monroe, and Dale, Dale & Dale, of Vidalia, for appellee.

DREW, Judge.

Plaintiffs in this suit allege they were passengers, therefore guests, in the car of plaintiff in suit styled Ben Ross v. Missouri Pacific Railroad Company (La. App.) 153 So. 570. They sue for personal injuries, doctors', sanitarium bills, medicine, etc. They allege on the same accident as in the case above referred to and allege the same acts of negligence as alleged therein. However,[1] they allege that, they being guests of Ben Ross, his contributory negligence, if he was guilty of any negligence, cannot be imputed to them.

The lower court found that plaintiffs were not guests, but were in the relation of master and servant to Ben Ross, they being the masters, and rejected their demands.

The issues in this case are identical with those in No. 4651, and the cases were consolidated for trial below. It is unnecessary for us to pass on the guest question here, due to our finding in case No. 4651, for, under no circumstances, can the plaintiffs herein recover against the defendant, unless it first be shown that defendant was guilty of negligence which was the proximate cause of the accident. In case No. 4651, decided to-day, we find that defendant was free of negligence, and that the accident was caused by the negligence of Ben Ross, the driver of the car in which plaintiffs claim to have been guests. Ben Ross is not sued by plaintiffs.

Therefore, for the reasons assigned in the above-mentioned case, the demands of plaintiffs were correctly rejected by the lower court, and the judgment is affirmed, with costs.

TALIAFERRO, J., recused.

*Rehearing denied May 4, 1934.